IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, | ) | C/A No.: 5:24-2907-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

T. Terell Bryan ("Petitioner") filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time Petitioner filed his habeas petition with the court he was incarcerated in Ridgeland Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for a Report and Recommendation on cross motions for summary judgment. On June 20, 2024, Petitioner filed a Motion for Summary Judgment. ECF No. 21. On July 25, 2024, Respondent filed a Motion for Summary Judgment. ECF No. 24. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 25. Petitioner failed to respond. The court issued an order on September 6, 2024, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's Motion by October 7, 2024. ECF No. 31. On September 27, 2024, Petitioner filed a Response to Respondent's Motion, ECF No. 33.

In his September 27 response, Petitioner indicated he was scheduled to Max Out on his sentence on November 6, 2024, and requested that SCDC recalculate his sentence so he would Max Out in October. ECF No. 33. On November 19, 2024, the undersigned directed Respondent

1

to provide the court with the status of Petitioner's incarceration. ECF No. 37. On November 25, 2024, Respondent filed a status report with the court indicating Petitioner was released from SCDC custody on November 1, 2024, to begin community supervision. ECF No. 39. Because Petitioner is no longer in SCDC's custody, it appears that any substantive ruling on the issues raised in the Petition and in the parties' motions have been rendered moot.

I.      Factual and Procedural Background

Petitioner states he entered a guilty plea to murder and assault and battery with intent to kill in Hampton County, South Carolina, on December 1, 1998, and the court sentenced him to 30-years imprisonment. ECF No. 1. In his amended habeas Petition, Petitioner contends SCDC miscalculated the start of his sentence, and failed to apply his earned time credits to his sentence. ECF No. 15. Petitioner asked the court to order SCDC to prepare a max out date calculation worksheet and/or release Petitioner. *Id*. In his Motion for Summary Judgment, Respondent states SCDC completed a new Max Out Date Calculation Worksheet for Petitioner on July 23, 2024, which showed Petitioner's November 2024 max out date was correct. ECF No. 24-1.

Petitioner has received the relief he ultimately sought in his instant 28 U.S.C. § 2241 Petition as Petitioner was released from SCDC custody on November 1, 2024. *See* November 25, 2024, status report. ECF No. 39; *see also*, https://public.doc.state.sc.us/scdc-public/. Accordingly, the instant Petition should be dismissed without prejudice as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (explaining that a federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it); *see also, Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2006) (finding that petitioner was no longer in federal custody and therefore his action against respondent challenging his federal detention and potential release to state authorities was moot); *Alvarez v. Conley*, 145 F. App'x 428 (4th Cir.

2005) (holding that a § 2241 petition that was based on a claim of illegal detention, and only sought release from that detention, was rendered moot upon petitioner's release).

II.     Recommendation

For the foregoing reasons, the undersigned recommends the Petition in this matter be *dismissed without prejudice*. This recommendation would also make Petitioner's and Respondent's Motions for Summary Judgment, ECF Nos. 21 and 24, moot.

IT IS SO RECOMMENDED.

November 26, 2024                                            Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).