IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| T. Terrell Bryan, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:24-2907-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner T. Terrell Bryan ("Petitioner"), proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 3, 2024, Petitioner filed an amended petition, this time indicating he sought relief pursuant to 28 U.S.C. § 2241. Petitioner filed a motion for summary judgment. (ECF No. 21). Thereafter, the Respondent also filed a motion for summary judgment. (ECF No. 24). The court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment and dismissal procedures, and the possible consequences if he failed to adequately respond. (ECF No. 25). When Petitioner failed to initially respond, the court entered an order directing Petitioner to respond to Respondent's motion by October 7, 2024. (ECF No. 31). Petitioner filed a response. (ECF No. 33).

In such response, Petitioner indicated that his "max out" date for his sentence would occur in November 2024, and he requested that his date be recalculated and moved to October 2024.

---

[1] At the time of the filing of the petition, Petitioner was incarcerated in Ridgeland Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). (ECF No. 1).

1

(ECF No. 33). The magistrate judge directed Respondent to provide a status report regarding Petitioner's status, and, on November 25, 2024, Respondent informed the court that Petitioner had been released from state custody to begin his term of supervision. (ECF No. 39).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss the petition without prejudice as it appeared the issues raised had been rendered moot by Petitioner's release. (ECF No. 40). The magistrate judge notified Petitioner of his right to file objections to the Report. *Id.* at 4. The Report was mailed to Petitioner at several addresses associated with Petitioner. (ECF No. 41). While one of the mailings returned to the court as undeliverable, (ECF No. 43), the other two did not, and Petitioner is presumed to have received them. However, he has failed to file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th

Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

A threshold matter is whether the court has jurisdiction in this case. The undersigned finds that it does not. In *In Re Wright*, the Fourth Circuit Court of Appeals concluded that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In Re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Furthermore, the court determined that such petitions "are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." *Id.* Though Petitioner couched his amended petition as being pursuant to 28 U.S.C. § 2241, because it challenges his custody pursuant to a state court judgment, it should be treated as a § 2254 petition. As such, Petitioner is bound by the "second or successive" rules under § 2244(b)(3). Therefore, because he

3

has filed prior § 2254 petitions and did not obtained permission from the Fourth Circuit to file the instant petition, this court is without jurisdiction to consider it.

To be sure, Petitioner filed a § 2254 habeas petition in 2009 with this court challenging this same state court judgment, and such petition was denied as untimely. *Bryan v. Warden Michael McCall*, No. 4:09-cv-02117-TLW (D.S.C. 2009). In 2011, Petitioner filed another § 2254 petition pertaining to this same state court judgment and execution thereof, which the court denied *with prejudice. Bryan v. SCDC Warden Robert Stevenson, III*, No. 5:11-cv-02500-TLW, dkt. entry 49 (D.S.C. Sept. 4, 2012) (adopting the Report and Recommendation at docket entry 39). In a subsequent case, Petitioner filed a § 2254 habeas petition as well as a "motion under 28 U.S.C. § 2244" for an order from the Fourth Circuit Court of Appeals to allow him to file a second or successive habeas petition under § 2254. *Bryan v. Warden, Lieber Corr. Inst.*, No. 5:14-cv-03600-TMC, dkt. entry 1 (D.S.C. Sept. 10, 2014). In that case, the magistrate judge entered a proper form order, which, in part, directed Petitioner to "submit the [§ 2244] form to the proper court: The Fourth Circuit Court of Appeals (1100 East Main St., Richmond, VA 23219)" should he choose to seek such authorization for filing a second or successive § 2254 petition. *Id.* at dkt. entry 9 (Sept. 17, 2014). Petitioner did not respond to the proper form order, and the 2014 petition was dismissed for failure to prosecute. *Id.* at dkt. entry 15 (Oct. 22, 2014). However, his filing of the § 2244 form and argument therein indicate Petitioner is aware of the requirement that he must seek permission from the Fourth Circuit prior to filing a subsequent § 2254 petition in this court. However, there is no indication that he has done so.

Therefore, the court respectfully **DECLINES TO ADOPT** the Report (ECF No. 40). The petition (ECF No. 1) is hereby **DISMISSED** without prejudice. All remaining motions in this case (ECF Nos. 21, 24) are **DISMISSED as moot.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 23, 2024

**NOTICE OF RIGHT TO APPEAL**[2]

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] When a § 2254 petition is dismissed on jurisdictional grounds for failure to seek permission pursuant to § 2244(b)(3), there is no requirement that the petitioner must obtain a certificate of appealability prior to filing an appeal. *See Justice v. Clarke*, 811 Fed. App'x 867, 868 (4th Cir. July 10, 2020) (denying as "unnecessary" a motion for a certificate of appealability where the petition was dismissed as a successive petition on jurisdictional grounds).